UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

DELLA MARIE CUPPS, ET AL                      CIVIL ACTION NO: 12-0123

VERSUS                                        JUDGE DONALD E. WALTER

LOUISIANA STATE POLICE, ET AL                 MAGISTRATE JUDGE HAYES

## MEMORANDUM RULING

Before the Court are a Motion to Dismiss [Doc. #5] and Supplemental Motion to Dismiss [Doc. #12] filed by the State of Louisiana, the Louisiana Department of Public Safety and Corrections ("LADOC"), the Louisiana State Police, Colonel Michael D. Edmundson, and LADOC employees #1, #2, #3, and #4. The Plaintiffs, Della Cupps, Amy Blair, April Gruber, and Valerie Click, oppose both motions. For the reasons assigned herein, Defendants' motions are **GRANTED**. All of Plaintiffs' claims against the State of Louisiana, LADOC, and the Louisiana State Police are **DISMISSED WITHOUT PREJUDICE**. Plaintiffs' claims against Colonel Michael D. Edmundson and LADOC Employees #1, #2, #3, and #4 are **DISMISSED WITH PREJUDICE**.

## BACKGROUND INFORMATION

The above captioned matter arises from the tragic events surrounding the escape of two inmates from the Louisiana State Police Headquarters in Baton Rouge, Louisiana during a prison work detail assignment on March 4, 2011. The inmates, who were prison trustees from Angola State Penitentiary, escaped in a state-issued van. Three hours passed before officials realized that the inmates had escaped. On or about March 8, 2011, the inmates car-jacked and kidnapped David Cupps in Vicksburg, Mississippi. The inmates murdered Mr. Cupps and stole his belongings. On or about March 9, 2011, authorities in Bessemer, Alabama discovered Mr. Cupps' body outside a

hotel. It was determined that Mr. Cupps had been beaten and strangled to death. A few days later on March 14, 2011, the inmates were captured in Memphis, Tennessee.

On February 29, 2012, Mr. Cupps' surviving spouse and daughters filed suit in federal court against the State of Louisiana, LADOC, and the Louisiana State Police alleging that Mr. Cupps' death was proximately and legally caused by their negligence in the custodial supervision over the escaped inmates in violation of La. Civ. Code articles 2315.4, 2315.5, 2315.6, 2316, 2317, and 2320. Plaintiffs alleged that this court had jurisdiction over the case based on diversity of citizenship pursuant to 28 U.S.C. § 1332 because Plaintiffs are citizens of Ohio.

On July 17, 2012, the State of Louisiana, LADOC, and the Louisiana State Police filed a Motion to Dismiss [Doc. #5] pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction, and Fed. R. Civ. P. 12(b)(5) for insufficient service of process. Defendants argued that Plaintiffs improperly sued the State of Louisiana and its agencies in federal court, which is barred under the Eleventh Amendment of the U.S. Constitution. Defendants also argued that Plaintiffs failed to effectuate timely service.

In response to the motion, on August 6, 2012, Plaintiffs filed their First Supplemental and Amending Complaint pursuant to Fed. R. Civ. P. 15. [Doc. #8]. Plaintiffs added as Defendants Colonel Michael D. Edmundson, Superintendent of the Louisiana State Police, and LADOC Employees #1, #2, #3, and #4. Plaintiffs also added a claim pursuant to 42 U.S.C. § 1983, and asserted federal question jurisdiction under 28 U.S.C. § 1331. Finally, Plaintiffs' Amended Complaint added wrongful death and survival claims pursuant to the laws of Mississippi and Alabama (in addition to Louisiana) because Mr. Cupps was kidnapped in Mississippi and murdered in either Mississippi or Alabama. Plaintiffs relied on the filing of their Amended Complaint to respond in opposition to Defendants' initial Motion to Dismiss.

Thereafter, Defendants filed a second Motion to Dismiss [Doc. #12] alleging that Plaintiffs cannot properly assert a section 1983 or state law claims against Colonel Michael Edmundson or unnamed LADOC Employees #1, #2, #3, or #4. Defendants maintain that any claims Plaintiffs may have had against these individuals are now prescribed because Plaintiffs failed to file their Original Complaint in a court of competent jurisdiction or effectuate timely service, which would have interrupted the applicable prescription period. Plaintiffs filed a brief in opposition wherein they maintain that their claims are not prescribed because they filed an Amended Complaint and have now properly served all Defendants.

## LAW AND ANALYSIS

### I.  Lack of Jurisdiction over Plaintiffs' Original Complaint

Defendants argue in their initial Motion to Dismiss that Plaintiffs' claims against the State of Louisiana, LADOC, and the Louisiana State Police must be dismissed because this court lacks subject matter jurisdiction.

The Eleventh Amendment of the United States Constitution bars all suits for monetary relief brought in federal court against a state or state agency unless the state has consented to suit. *Pennhurst State School & Hospital et al. v. Halderman et al.*, 465 U.S. 89, 100 (1984). Louisiana has not waived sovereign immunity. La. R.S. 13:5106(A). State agencies that are considered arms of the state are entitled to Eleventh Amendment immunity from state law and section 1983 lawsuits in federal court. *Richardson v. Southern University*, 118 F.3d 450 (5th Cir. 1997). It is well-settled that LADOC is entitled to Eleventh Amendment immunity. *See Williams v. Henagan et al.*, 595 F.3d 610, 618 (5th Cir. 2010). The appropriate disposition of Plaintiffs' claims against the State of Louisiana, LADOC, and the Louisiana State Police is to dismiss them without prejudice for lack of

subject matter jurisdiction. *Warnock v. Pecos County, Texas et al.*, 88 F.3d 341, 343 (5th Cir. 1996).

Although not argued by the Defendants, the court notes a second flaw in Plaintiffs' Original Complaint. Plaintiffs asserted that this court had diversity jurisdiction over their cause of action as a controversy between citizens of different states. However, federal jurisdiction on the basis of diversity of citizenship could not exist over Plaintiffs' Original Complaint because a state is not considered a "citizen" for the purposes of diversity jurisdiction. *Texas Department of Housing and Community Affairs v. Verex Assurance, Inc.*, 68 F.3d 922, 926 (5th Cir. 1995) (overruled on other grounds). Similarly, state agencies that are an alter ego of the state are not citizens for the purposes of diversity jurisdiction. *Id.* Thus, even if subject matter jurisdiction could have existed over Plaintiffs' Original Complaint this court would have been unable to exercise diversity jurisdiction.

## II.    Prescription of Plaintiffs' Claims

Having found that Plaintiffs' Original Complaint was insufficient for this Court to have subject matter jurisdiction or diversity jurisdiction, the court must now determine whether the filing of Plaintiffs' Amended Complaint cured these defects in a manner sufficient to interrupt prescription. The court must first determine the proper prescription period applicable to Plaintiffs' claims against the remaining Defendants – Colonel Edmundson and LADOC Employees #1, #2, #3, and #4. Because there is no federal statute of limitations for actions brought pursuant to 42 U.S.C. § 1983, federal courts borrow the forum state's general personal injury limitations period. *Wallace v. Kato et al.*, 549 U.S. 384, 387 (2007). Louisiana's prescriptive period for delictual actions is one year. La. Civ. Code art. 3492. Therefore, a one-year prescriptive period applies to Plaintiffs' section 1983 claims. *Johnson v. Lamartiniere et al.*, 387 Fed. Appx. 470, 472 (5th Cir. 2010) (citing *Elzy v. Roberson*, 868 F.2d 793, 794-95 (5th Cir. 1989)).

Plaintiffs also assert wrongful death and survival claims against Defendants. Plaintiffs' original complaint only attempted to assert these claims under Louisiana law. However, in an effort to avoid possible prescription of their claims Plaintiffs' Amended Complaint sets forth additional wrongful death and survival claims under Alabama and Mississippi law, which have two and three year statutes of limitations. Plaintiffs argue that the court must apply the Alabama or Mississippi statute of limitations because Mr. Cupps was kidnapped and murdered in those states.

In federal question jurisdiction cases, where a court exercises supplemental jurisdiction over state-law claims, a federal court applies the choice of law rules of the forum state to the state law claims. *See In re Enron Corp.*, 511 F. Supp.2d 742, 790 (S.D. Texas 2011) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941)). Louisiana civil code article 3515 provides that when an issue in a case has contacts with other states, it is to be governed by the law of the state whose policies would be most seriously impaired if its law were not applied to that issue. When the issue involves delictual or quasi-delictual obligations the court must evaluate the strength and pertinence of the relevant policies of the involved states in light of (a) the pertinent contacts of each state to the parties and the events giving rise to the dispute, including the place of conduct and injury, (b) the domicile, habitual residence, or place of business of the parties, and (c) the state in which the relationship, if any, between the parties was centered. *See* La. Civ. Code art. 3542. The court must also evaluate the policies referred to in article 3515, as well as the policies of deterring wrongful conduct and of repairing the consequences of injurious acts. *Id.*

Louisiana law, and its relevant rules for prescription, must apply in this case because Plaintiffs have only asserted claims against Colonel Edmundson and LADOC Employees #1, #2, #3, and #4. All of the Defendants are Louisiana citizens. Moreover, the alleged negligent acts of the

Defendants that set off the chain of events leading to the kidnapping and wrongful death of Mr. Cupps only occurred in Baton Rouge, Louisiana. The state of Louisiana would be most seriously impaired if its laws were not applied to determine the liability of its citizens for acts or omissions occurring within its jurisdiction. These Defendants did not engage in any wrongful conduct in Alabama or Mississippi. Accordingly, Louisiana's substantive and prescriptive laws must apply in this case.

Having found that Plaintiffs are subject to a one-year statute of limitations the court must determine whether their claims are now prescribed. Under Louisiana law the filing of a lawsuit in a competent court and in the proper venue interrupts prescription as long as the suit is pending. La. Civ. Code art. 3463. If prescription is interrupted, the time that has run is not counted and prescription starts over from the last day of interruption. La. Civ. Code art. 3466. However, if a suit is filed in a court lacking jurisdiction or proper venue, prescription is not interrupted unless the defendant is served within the prescriptive period. La. Civ. Code art. 3462; *Washington v. Breaux et al.*, 782 F.2d 553, 554-55 (5th Cir.1986); *Titus v. IHOP Restaurant, Inc.*, 25 So.3d 761 (La. 2009).

As discussed *supra*, Plaintiffs' Original Complaint was filed with this court on February 29, 2012, a mere eight days before their claims would have prescribed under Louisiana law. The court has just found that it lacked both subject matter jurisdiction and diversity jurisdiction over Plaintiffs' Original Complaint. Therefore, the one-year prescriptive period can only be interrupted if Defendants were served with the Original Complaint within the prescriptive period. La. Civ. Code art. 3462.

Unfortunately for Plaintiffs, the Defendants were not properly served the Original Complaint within the prescriptive period. Plaintiffs' counsel states in her affidavit entitled "Affidavit Re: Return of Long Arm Statute" that she properly addressed and mailed service of process to Colonel

Edmundson of the Louisiana State Police and Michael Moore of the LADOC on March 2, 2012.[1] Contrary to Plaintiffs' argument, service upon an agency or subsidiary of the State of Louisiana cannot be effectuated via certified mail. Fed. R. Civ. P. 4(j)(2); *Gilliam v. County of Tarrant*, 94 Fed. Appx. 230 (5th Cir. 2004) (citing *Peters v. United States*, 9 F.3d 344 (5th Cir. 1993)).

Fed. R. Civ. P. 4(j)(2) provides that a plaintiff must (1) serve the agency by delivering copy of the summons and complaint to the chief executive officer, or (2) serve a copy of the summons and complaint in the manner prescribed by that state's law for serving a summons on such a defendant. Plaintiffs failed to properly deliver a copy of the summons and complaint to the chief executive officer of the named state agencies, and they also failed to comply with the manner of service prescribed by the state of Louisiana. Louisiana requires personal or domiciliary service on the head of the state agency sued or the attorney general. La. R.S. 13:5107; *Able Security and Patrol, LLC v. State of Louisiana, et al.*, 2008 WL 3539693 (E.D. La. 2008). In suits seeking monetary damages the complaint must be served on three separate persons: the head of the agency, the office of risk management, and the attorney general. La. R.S. 39:1538; *Lewis v. Louisiana Dept. of Transportation and Development et al.*, 2011 WL 3502327 (E.D. La. 2011).

Defendants state that what they actually received from Plaintiffs via certified mail was a copy of the Original Complaint and a request for waiver of service pursuant to Fed. R. Civ. P. 4(d)(1). However, release from the requirement of service only occurs when a defendant agrees to comply with the waiver request and the plaintiff files proof thereof in the record. *See Guidry v. American*

---

[1] The court also notes that Plaintiffs' reference to service via the Louisiana Long Arm Statute is inappropriate because the long-arm statute is only used to effect service upon an out-of-state defendant with minimum contacts to the state. La. R.S. 13:3201 *et seq*. This is inapplicable to the facts of this case where only the Plaintiffs are outside of the state of Louisiana. The long-arm statute does not work in reverse to enable out-of-state plaintiffs to effectuate service on in-state defendants.

*Cyanimid Co.*, 1994 WL 279876 (E.D. La. 1994). Standard practice is for a plaintiff requesting a waiver of service to provide a defendant 30 to 60 days to reply to their request. *See* Fed. R. Civ. P. 4(d)(1)(F). If the deadline passes without receipt of the waiver counsel should resort to ordinary service methods. Plaintiffs' counsel failed to timely act after Defendants did not agree to waive service, and ultimately failed to formally serve Defendants within 120 days as required by Fed. R. Civ. P. 4(m). Accordingly, the court must find that Plaintiffs' claims have prescribed and must be dismissed as time-barred.

## CONCLUSION

For the reasons stated herein, Defendants' Motions to Dismiss [Docs. #5 and 12] are **GRANTED**. Plaintiffs' claims against the State of Louisiana, LADOC, and the Louisiana State Police are **DISMISSED WITHOUT PREJUDICE**. Plaintiffs' claims against Colonel Michael D. Edmundson and LADOC Employees #1, #2, #3, and #4 are **DISMISSED WITH PREJUDICE**.

**THUS DONE AND SIGNED**, this 24 day of May, 2013.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE